In the Matter of SCHOKBETON INDUS-
TRIES, Debtor.

ARCRETE, INC., Appellant,

v.

SCHOKBETON PRODUCTS CORPO-
RATION, Appellee.

No. 71–2629.

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1971.

Edmund L. Cogburn, Houston, Tex., Jerry Bain, Tyler, Tex., Melvin A. Dow, Houston, Tex., for appellant.

Charles F. Potter, Tyler, Tex., Wyatt Haskell, Birmingham, Ala., Roby Hadden, U. S. Atty., Tyler, Tex., for appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

BY THE COURT:

Schokbeton Industries, Inc. (hereinafter Industries), a debtor-in-possession in a proceeding under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.

(1970), and Arcrete, Inc., a third party who has proposed to invest new capital in the debtor corporation under a Plan of Arrangement which has been confirmed by the Referee in Bankruptcy, have applied to this Court for an injunction pending an appeal to this Court of an order of the district court dissolving an injunction issued by the referee to implement the Plan of Arrangement. The referee enjoined and restrained Schokbeton Products Corporation (hereinafter Products) from destroying, impairing, or violating the debtor's rights under a franchise license agreement between Products and Industries. The opinion order of the district court issued in connection with its dissolution of this injunction indicates that the court acted under the belief that the referee possessed no discretionary power to enter the injunction under the circumstances.

■ Although Products issued a notice of claimed defaults to Industries before the Petition in this proceeding was filed, the franchise agreement contained a provision for a 60-day cure period after such notice, and less than 30 days had transpired between the notice and the date of the filing of debtor's petition. Products did not purport to *terminate* the agreement until the 60-day cure period had expired, which, of course, was after the petition in the Chapter XI proceedings had been filed. The bankruptcy court is vested with discretionary power to prohibit a licensor from terminating a contract with a licensee which is still executory at the time the petition is filed. The salutary purposes of Chapter XI proceedings would be defeated if the rule were otherwise. *See* 11 U.S.C.A. §§ 712 & 714 (1970); In re Lane Foods, Inc., 213 F.Supp. 133 (D.C.N.Y. 1963); In re Johnson Electric Corporation, 312 F.Supp. 840 (D.C.N.Y.1970); and 8 Collier, Bankruptcy, ¶ 3.20 § 3.-23 (14th ed. 1969).

■ There is no question but that the Referee in Bankruptcy has discretion to issue injunctions in certain circumstances and, for the reasons hereinafter set out, the injunction in the instant case is hereby reinstated pending an appeal on the merits. The Findings of Fact made by the referee are clear that the debtor would be irreparably harmed if the injunction were not granted. Injunctions may be issued, when necessary, to prevent the defeat or impairment of the jurisdiction of the bankruptcy court, to enforce the provisions of the Act, and to effect the object of the proceedings free from interference. 8 Collier, ¶ 3.22 at 276. The Supreme Court said in Continental Illinois National Bank & Trust Co. v. Chicago, R. I. & P. Ry. Co., 294 U.S. 648, 675, 676, 55 S.Ct. 595, 606, 79 L.Ed. 1110 (1935), that Courts of Bankruptcy:

> \* \* \* are essentially courts of equity, and their proceedings inherently proceedings in equity \* \* \*. The power to issue an injunction when necessary to prevent the defeat or impairment of its jurisdiction is, therefore, inherent in a court of bankruptcy, as it is in a duly established court of equity. \* \* \*

> Moreover, by section 2(15) of the Bankruptcy Act (U.S.C. title 11, § 11), courts of bankruptcy are invested with such authority in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, including the power to 'make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act.'

\* \* \*

The bankruptcy court, in granting the injunction, was well within its power, either as a virtual court of equity, or under the broad provisions of section 2(15) of the Bankruptcy Act or of section 262 of the Judicial Code. [294 U.S. at 676, 55 S.Ct. at 606].

The debtor has paid 75,000 dollars for this franchise and on the record before us now, it appears probable that on appeal the referee will be found to have had the power to exercise his discretion to enjoin actions having the effect of de-

priving the debtor of this valuable asset without granting him the opportunity to cure the existing defaults.

Accordingly, the relief requested by the debtor herein is granted, and the injunction heretofore issued by the Referee in Bankruptcy on June 22, 1971, is hereby reinstated pending appeal.

Injunction granted.