**In the Matter of Rita CASTRIOTA f/k/a Rita C. Heiselman, Debtor.**

**Bankruptcy No. 82–04018A.**

United States Bankruptcy Court,
N.D. Georgia.

July 13, 1983.

Harry A. Osborne, Jonesboro, Ga., for debtor.

Bruce W. Moorehead, Jr., Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for objector.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

This matter is before the court based upon creditor's objection to confirmation of debtor's Chapter 13 Plan. The sole issue under consideration at this time is whether the Divorce Settlement Agreement entered into by the parties is an executory contract within the meaning of 11 U.S.C. § 365, such that the Trustee must either accept or reject the Settlement Agreement in its totality.

## FINDINGS OF FACT

1. Debtor-wife's and creditor-husband's one and a half year marriage was terminated November 30, 1981 through a Final Judgment and Decree granted by the Superior Court of Clayton County, Georgia.

2. The parties' Settlement Agreement was incorporated into the Final Judgment and Decree.

3. Specific language in the Settlement Agreement preserved the existence of the Agreement independent of the Final Judgment and Decree.

4. Three of the total twelve paragraphs of the Settlement Agreement are of special importance. In one paragraph of the Settlement Agreement the creditor-husband agreed to convey to the debtor-wife title to the homeplace; and, in exchange, the wife agreed to pay the husband a total of $3,000.00 over a period of three years, in six equal payments. From the records before this court it appears that the husband-creditor conveyed title to the residence to the debtor-wife. To date debtor has made a single $500.00 payment on the $3,000 debt. The agreement gave the husband no lien on the residence as security for the $3,000 debt.

5. In reciprocal paragraphs the creditor-husband and debtor-wife agreed to pay certain debts incurred jointly during the marriage and to indemnify and hold harmless the other spouse. Neither party has completed its promise to pay fully those debts listed in the Agreement.

6. On August 27, 1982 debtor-wife filed a Chapter 13 petition and plan.

7. Creditor-husband objected to the confirmation of the Plan, asserting among other objections that the Settlement Agreement was an executory contract within the meaning of 11 U.S.C. § 365.

## DISCUSSION

The creditor relies particularly on two facts to support his position that the Settlement Agreement is an executory contract. First, the Settlement Agreement is entitled to enforcement as an independent contract, separate from the Final Judgment and Divorce Decree. Secondly, portions of the Settlement Agreement remain unperformed by both parties. The creditor argues, therefore, that the Trustee is not free to select among provisions of the Agreement only those that are beneficial to the estate and to reject those that are burdensome. *In re Nashville White Trucks, Inc.,* 5 B.R. 112, 116 (Bkrtcy.M.D.Tenn., 1980).

## DEFINITION OF "EXECUTORY CONTRACT"

To support his legal argument the creditor refers to the definition of "executory contract" first as it appears in the legislative history of Section 365: "though there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides." H.Rep. No. 95–595, 95th Congress, 1st Session 347 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6303.

The second definition of "executory contract" noted by the creditor is that offered by Professor Vern Countryman and cited with approval throughout case law:

A contract under which the obligations of both the bankrupt and the other party to the contract are so unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other.

"Executory Contracts in Bankruptcy: Part 1," 57 Minn.L.Rev. 439, 460 (1973); *Jenson*

*v. Continental Financial Corporation,* 591 F.2d 477, 481 (8th Cir.1979); *In re Rovine Corp.,* 6 B.R. 661 (Bkrtcy.W.D.Tenn.1980); *In re Sun Ray Bakery, Inc.,* 5 B.R. 670 (Bkrtcy.Mass., 1980).[1]

The third definition the creditor urges is an extension of the meaning of "executory contract" to include those contracts in which there has been substantial performance by one party to the contract as long as material and unperformed obligations of both parties remain. *In re Rovine Corp.,* and *In re Sun Ray Bakery, Inc., supra.*

## APPLICATION OF LAW TO FACTS

Examination of the record before the court discloses that the portion of the Agreement between the parties in which husband was to convey title of the home-place to wife in exchange for payment by wife of $3,000.00 in six equal payments over three years does not fit within any definition of "executory" as contemplated by § 365. The wife's performance, payment of the $2,500.00 to husband, remains. However, husband has already conveyed title. He has nothing further to perform. Thus, the central concept of an executory contract, that performance is required on both sides, is absent.

Next, the analysis of the creditor's claim that the mutual promises made by husband and wife, regarding division and payment of joint debts incurred during the marriage and indemnification, is more complicated. The Settlement Agreement entered into by husband and wife does not discharge their underlying joint and several liability to their creditors. The original underlying contracts between creditors and married couple have been fully performed by the creditors and are not executory.

The husband emphasizes that the reciprocal promises made in the Settlement Agree-ment are separate and distinct from the underlying obligations to the creditors. This proposition is only partially accurate. Failure by either spouse to perform the reciprocal promises made in the Settlement Agreement, e.g., to pay completely certain specified debts, would not excuse perform-ance of the other spouse's reciprocal prom-ise. From the creditors' perspective, both husband and wife continue legally to be jointly and severally liable for the total debt. The crucial circumstance of the Countryman definition, that the contract is so unperformed "that the failure of either to complete performance would constitute a material breach excusing performance by the other," is absent.

The indemnification and hold harmless promises each spouse made to the other are the portions of the Settlement Agreement that are separate and distinct from the underlying obligations to the creditors. Yet even these portions are controlled by the underlying obligations in the sense that nei-ther husband nor wife would have a cause of action against the other unless one spouse had actually paid a debt for which the other spouse had agreed to be indemni-tor. Payment of the underlying obligation, then, governs whether there is a breach of the indemnification agreement. As above stated, because breach by one spouse on payment of the underlying obligation would not excuse nonperformance by the other spouse, an analysis of the reciprocal prom-ises as executory is unsound.

Creditor-husband's use of *In re Rovine* and *In re Sun Ray Bakery, supra,* to sup-port the notion that an executory contract exists even where substantial performance on one side has been rendered is distin-guishable. *Rovine* involved a franchise agreement and *Sun Ray Bakery* involved a consignment-distribution agreement. The

1. While there have been some recent chal-lenges to the Countryman definition that it does not fit various situations, the bases for those challenges are not applicable to the present circumstances. *See In re Booth,* 19 B.R. 53, 8 B.C.D. 1393 (Bkrtcy.Utah, 1982) (challenging the appropriateness of the catego-rization of an installment land contract as an executory contract when the debtor is a vendee); *In re Gladding Corp.,* 22 B.R. 632 (Bkrtcy.Mass., 1982) (workers' compensation insurance policy held not to be an executory contract); Julis, Classifying Rights and Inter-ests Under the Bankruptcy Code, 55 Am.Bankr. L.J. 223, 251–59 (Summer, 1981).

courts in both decisions held the contracts to be executory despite the nondebtors having substantially performed. The performances owed in the contract were to each other, not to other parties. Further, both contracts required significant additional performance by the nondebtor to the debtor in an ongoing, continuing relationship.

In contrast, in the present situation no ongoing relationship between the debtor-wife and creditor-husband was contemplated by the Settlement Agreement. The reciprocal promises required payment to third party creditors, under a preexisting obligation, not to each other. No further contact between the parties to the Settlement Agreement was envisioned except in the circumstance where enforcement of the promise of indemnification became necessary. The nature of the performance due in the present situation removes it from consideration as executory.

Another reason as well persuades this court that classification of the Settlement Agreement as an executory contract is inappropriate under these specific facts. In reality, the division of debt to which the parties agreed in their Settlement Agreement is the type which is dischargeable under the Code. *In re Diers,* 7 B.R. 18 (Bkrtcy.S.D.Ohio, 1980); § 523(a)(5).

For these reasons, it is hereby ordered that the Settlement Agreement between creditor-husband and debtor-wife not be considered an executory contract.

It is so Ordered.