

Zazella & Singer by Beverly R. Porway, Wayne, N.J., for plaintiff-respondent.

Carpenter, Bennett & Morrissey by William A. Carpenter, Newark, N.J., for defendant-appellant.

**Marvin SCHONDORF, Trustee, Plaintiff-Respondent,**

v.

**Lenny CALIN, Defendant-Appellant.**

**Civ. A. No. 85–4749.**

United States District Court, D. New Jersey.

March 24, 1986.

**CLARKSON S. FISHER, Chief Judge.**

This is an appeal from an order of the bankruptcy court granting plaintiff-respondent's motion for summary judgment against defendant-appellant, Lenny Calin. This court has jurisdiction pursuant to bankruptcy rule 8001, 11 U.S.C., and 28 U.S.C. § 1334. For the reasons stated, I affirm the bankruptcy court's order.

Seneca Grande, Ltd., is a New Jersey limited partnership formed in 1979 for restaurant and catering purposes. In 1981 defendant, Lenny Calin, purchased two limited partnership shares in Seneca Grande for $80,000 and in January 1982 signed an amendment to the agreement which allowed him (or his corporate nominee) to purchase three general partnership shares for $120,000.

In February 1982 Seneca Grande executed a written lease for the restaurant facility to C.D.M. Realty, Inc., for a 15-year term. On March 1, 1982, defendant began managing the facility for C.D.M. Realty. His salary was $30,000 for the first year, increasing to $40,000 for the second year, beginning March 1, 1983. He received a weekly salary from March 1 through June 1982, at which point he agreed to have it deferred to a later time.

On September 7, 1982, an involuntary petition in bankruptcy was filed against debtor Seneca Grande, Ltd. On November

23, 1982, Seneca Grande filed a petition for Chapter 11 bankruptcy. The Chapter 11 proceedings were extended to C.D.M. Realty, Inc. on March 17, 1983, by order of the Honorable D. Joseph DeVito, bankruptcy judge, pursuant to an order to show cause and complaint, following a finding that C.D.M. Realty was so intertwined with Seneca Grande as to be indistinguishable.

In January 1983 the restaurant and catering facility catered a large party for the M & M Mars Candy Company for which it received $92,000. On February 1, 1983, C.D.M. paid defendant Calin $13,432. The check stub indicated that the check was for "gross salary" for the period from July 1, 1982, to January 28, 1983.

On November 11, 1983, Seneca Grande's bankruptcy proceedings were converted to Chapter 7; all other debtors likewise were converted to Chapter 7 on January 17, 1984. In January 1984 plaintiff trustee filed an action against defendant Calin, alleging that the $13,432 was a preferential transfer pursuant to 11 U.S.C. § 547. Plaintiff filed a motion for summary judgment in April 1984; defendant cross-moved for summary judgment. On September 13, 1985, Judge Vincent J. Commisa granted summary judgment for plaintiff and denied defendant's motion for summary judgment. Defendant now appeals this order.

This court's review of bankruptcy court decisions is limited. Bankruptcy rule 8013, Title 11, U.S.C. states in pertinent part that

[o]n an appeal the district court ... may affirm, modify, or reverse a bankruptcy court's ... order, ... or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The bankruptcy court's findings of fact are not to be disturbed unless clearly erroneous. *In re Oxford Associates,* 209 F.Supp. 242, 244 (D.N.J.1962). The sole issue presented for review is whether the bankruptcy court erred in granting plaintiff's motion for summary judgment and in denying defendant's cross-motion for summary judgment.

The bankruptcy judge determined that the lump-sum payment to defendant was a preferential transfer within the meaning of 11 U.S.C. § 547, and that the trustee was neither estopped from voiding this payment nor had he waived his right to void this payment. The bankruptcy court found that there was no genuine issue of material fact in that the questioned lump-sum payment was a preferential transfer, and that plaintiff accordingly was entitled to summary judgment against the recipient of the payment. Defendant claims on appeal, as he did in the bankruptcy court, that the trustee is estopped and has waived his right to void the payment.

There is no merit to defendant's claims. Plaintiff correctly asserts that there is no genuine issue of material fact in this case. Defendant bases his estoppel and waiver arguments on the existence of a valid and enforceable contract between plaintiff and defendant. In fact, this contract, the existence of which plaintiff does not dispute, could not be enforced by the trustee in bankruptcy. As the bankruptcy court judge expressly found, the employment contract was executory and therefore required court approval pursuant to 11 U.S.C. § 365(a) before recognizable by the trustee. Judge Commisa stated that

[y]ou referred to a contract.... However, we all know that the operation of a business by a Trustee, unless he expressly assumes a contract or rejects a contract, the contract is automatically rejected by the terms of the code. However, when we deal with salary, the law is quite clear.

Transcript of Summary Judgment Hearing at 11.

Judge Commisa is correct. Title 11 U.S.C. § 365(a) provides that "the trustee, *subject to the court's approval,* may assume or reject any executory contract or unexpired lease of the debtor." (Emphasis added). Defendant argues that the trustee's conduct constitutes an implied assumption of the contract, citing *In re SteelShip,*

576 F.2d 128 (8th Cir.1978), in support of this argument. This argument is not persuasive for two reasons.

First, defendant relies on a 1978 case which interprets the Bankruptcy Act before it was modified, when the law was not clear as to whether court approval of executory contracts was needed. His authority is not controlling on this court.

Second, 11 U.S.C. § 365 explicitly requires court approval of the trustee's assumption of an executory contract. An executory contract is "one under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that failure of either to complete performance would constitute a material breach excusing the performance of the other." *In re Sun Ray Bakery, Inc.,* 5 B.R. 670, 672 (D.Mass.1980). The parties here do not and could not dispute that the contract in issue is executory in nature. As a matter of law, section 365(a) is therefore applicable. Consequently, section 365's explicit requirement of court approval of a trustee's adoption of a contract is controlling.

Case law has made clear that the trustee cannot impliedly assume a contract. "[A]ny uncertainty which may have existed under the [former Bankruptcy] Act concerning the requirement for court approval of assumption or rejection is no longer an issue under 11 U.S.C. § 365." *In re Kelly Lyn Franchise Co.,* 26 B.R. 441, 445 (M.D. Tenn.1983). *See also In re By-Rite Distributing, Inc.,* 47 B.R. 660, 668–69 (D.Utah 1985).

In this case, court approval of the executory employment contract between the bankrupt and defendant was never obtained. Accordingly, the trustee cannot be said to have impliedly accepted or legally accepted the contract. Any payments on the contract, therefore, were improper.

Plaintiff correctly asserts that there are no genuine issues of material fact; defendant's arguments that the trustee is estopped to deny the existence of the contract or that he has waived his right to recover the lump-sum payment are not per-suasive arguments in light of the express requirement of section 365(a).

I find the bankruptcy court's decision to be adequately supported by the law. There is no error. Plaintiff will submit an order.