## CHAPMAN v. BOWERS, Gd'n.

### No. 27125.    April 27, 1937.

Earl A. Brown, for plaintiff in error.

Thos. G. Andrews and Clyde L. Andrews, for defendant in error.

HURST, J. The question in this case is whether the lessee of an oil and gas lease is relieved from the duty to further develop the premises by reason of an attack upon the title by the guardian of an incompetent who is grantee of the lessor. The facts are as follows: On March 20, 1920, Lewis Bowers and his wife, who were the owners of 160 acres of land in Lincoln county, executed an oil and gas lease on this land to the McMan Oil & Gas Company for a period of five years and as long thereafter as oil and gas is produced in paying quantities. A short time before the execution of this lease, the lessors had conveyed the south half of the land to their son, Thomas B. Bowers. But he did not record his deed until about two years after the execution and recording of the lease, and the McMan Oil & Gas Company had no notice of this conveyance.

In 1924, the McMan Oil & Gas Company assigned to the defendant, Fred A. Chapman, all of their interest in the lease in so far as it covered the south half of the land in question, and immediately thereafter Chapman and the McMan Oil & Gas Company commenced a well in the northeast corner of the 160-acre tract. They brought in a producing gas well before the expiration of the primary term of the lease, but because of the unavailability of a market for the gas, they drilled no more wells upon the land, but they did deepen this well in April, 1932, and made it produce a small amount of oil as well as gas.

On July 28, 1932, the guardian of Thomas B. Bowers filed an action against Fred A. Chapman to cancel the lease for nondevelopment in so far as it pertained to the south half of the land, and the court rendered judgment in favor of the defendant on January 23, 1934. In that judgment the court found that the defendant was prevented from drilling by the pendency of the suit and the action of the guardian in filing notice and affidavit clouding the title to the lease. A motion for new trial was filed within time, but not passed upon until January 12, 1935. In the meantime, in April, 1934, the McMan Oil & Gas Company plugged the well and on July 31, 1934, executed a release of their lease on the north half of the land. On August 13, 1934, the guardian of Thomas Bowers entered into a contract for the employment of Clyde L. Andrews to bring an action to quiet title to the south half of the land which was owned by the ward. This contract provided for a fee contingent on recovery and was approved by the county judge and recorded on December 21, 1934. Then, on January 12, 1935, the motion for new trial was presented by Mr. Andrews and overruled, but without the knowledge of the former attorney for the guardian of Thomas Bowers, or the attorney for the defendant. During the time this motion for new trial was pending there were negotiations between the former attorney for the guardian and the defendant looking towards a settlement of the case, so as to obviate the necessity of an appeal.

This action to quiet title was commenced on February 5, 1935, and on September 17, 1935, the court rendered judgment in favor of plaintiff quieting his title and cancelling the lease on the south half of the land. It is from that judgment that this appeal is taken.

It is first contended that the judgment is contrary to law, inasmuch as the evidence shows that the defendant has been ready, able, and willing at all times to develop the premises, but was prevented from so doing by the plaintiff. We agree with this contention. The record clearly shows

that the defendant was ready, willing, and able to develop the premises, and it is admitted in the brief that there is no ^vidence to the contrary. Under such circumstances, it is well settled that if development is prevented by the conduct of the lessor or his grantee in attacking the lessee's title, the duty to develop is held in abeyance during that time, and the defendant will be allowed a reasonable time thereafter within which to comply with the terms of his lease. Simons v. McDaniel (1932) 154 Okla. 168, 7 P. (2d) 419; Strange v. Hicks (1920) 78 Okla. 1, 188 P. 347; McCallister v. Texas Co. (Tex. Civ. App.) 223 S. W. 859; Weaver Mining Company v. Guthrie (Mo. App.) 175 S. W. 118.

The only question, therefore, is whether defendant has been thus prevented from further development of said premises. The record discloses that the defendant's title has been under attack by plaintiff from June, 1932, when the notice of nondevelopment, preceding the first suit, was filed. The property was in litigation in this suit until the motion for new trial was overruled on January 12, 1935, rendering final a judgment of the court that the lease was properly developed and in force up to that time. The contract of Mr. Andrews, the attorney for the guardian, however, was on file at that time, thus the public records still gave the defendant notice that his title was under attack during the period intervening between the overruling of such motion for new trial and the commencement of this action on February 5, 1935, which action has been appealed from. Therefore, we conclude from the rule announced above that there has been no duty on the defendant to further develop his lease, and the judgment of the court is against the clear weight of the evidence.

Plaintiff argues that a different rule should apply in this case by reason of the fact that the attack is by a guardian and that his acts are not binding on the ward. But the actions were maintained herein under authority of the county court, and we see no reason for denying the application of the principles relied on herein by the defendant.

The judgment is reversed, with directions to enter judgment for the defendant conditioned upon the completion of a well producing oil or gas in paying quantities within six months from the date the mandate is spread of record in the lower court.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY and CORN, JJ., concur.