ELSEY et al. v. WAGNER, Gdn.

No. 32568.   Dec. 17, 1946.

Rehearing Denied May 20, 1947.

Concurring Opinion May 27, 1947.

*183 P. 2d 829.*

Ted R. Elliott, of Oklahoma City, for plaintiffs in error.

Carl Kruse, of Enid, and Louis Reilly, of Kingfisher, for defendant in error.

HURST, V.C.J.  This is a companion case to Elsey v. Shaw, No. 32160, decided Dec. 23, 1947, 200 Okla. ____, 190 P. 2d 439.  After that suit was instituted, Mary A. Friend was adjudged to be an incompetent, and Viola Wagner, plaintiff herein, was appointed her guardian.  Viola Wagner, as such guardian, instituted this action on May 5, 1945, against the defendants, H. F. Elsey and T. A. Elsey, to cancel the lease, referred to in cause No. 32160, in favor of T. A. Elsey for nonpayment of rentals.  The defendants admitted the nonpayment of the rental due November 5, 1944, but defended on the ground that because of the attack made upon their lease by Mrs. Friend and Shaw in cause No. 32160 they are not required to pay the annual rentals and plaintiff is estopped from maintaining this action.  From a judgment in favor of the plaintiff, the defendants, T. A. Elsey and H. F. Elsey, appeal.

Judgment was rendered for Shaw in cause No. 32160 on September 15, 1944. Mrs. Friend filed no motion for new trial and did not appeal from the judgment in that case.  Mrs. Elsey filed a motion for new trial which was overruled on October 7, 1944, and from the order overruling the motion for new

trial she perfected an appeal to this court. It does not appear from the record that Mrs. Friend ever repudiated the Shaw lease, but, on the contrary, she accepted the delay rental due thereunder on November 1, 1944, thereby again recognizing the validity of the lease.

In support of their contention that the plaintiff is estopped from securing a cancellation of their lease, the appellants rely upon Simons v. McDaniel, 154 Okla. 268, 7 P. 2d 419, Chapman v. Bowers, 180 Okla. 49, 67 P. 2d 788, Hudspeth v. Schmelzer, 182 Okla. 416, 77 P. 2d 1123, and other similar cases, and contend that the plaintiff is estopped from canceling their lease, not only while the attack of Mrs. Friend continued but also while the litigation between them and Shaw is pending, and that they are not now required to make a tender of the annual rentals by reason of such attacks and the pendency of such litigation.

The plaintiff contends that since Mrs. Friend filed no motion for a new trial and did not appeal from judgment in cause No. 32160, her attack thereby ceased and from that time it was necessary for the defendants to pay or tender the annual rentals in order to keep their lease alive.

The effect of the recording of the Shaw lease was to cloud the title to the Elsey lease. The Elseys could not safely drill under their lease while the cloud continued to exist, and it was proper for Mrs. Elsey to cause Shaw to be made a party defendant in No. 32160 so as to secure a determination of the question of which lease was the superior one. And as long as they could not safely drill under their lease, due to the fault of Mrs. Friend, they should not be required to pay delay rentals, in lieu of drilling, in order to continue the lease in effect as against Mrs. Friend.

We are therefore of the opinion, and hold, that during the pendency of the litigation, brought about by the wrongful conduct of Mrs. Friend, the Elseys were under no duty to either commence operations or pay delay rentals, and Mrs. Friend and her guardian are estopped from maintaining an action for relief for failure to pay the delay rentals, under the rules followed in the cases above cited and relied upon by the Elseys. Her acceptance of delay rentals under the Shaw lease constituted a ratification of that lease and was inconsistent with her claim that the Elsey lease was still in effect so as to require the payment of delay rentals. Equity will not permit her to take such inconsistent positions. Citizens' Bank v. Beeson, 104 Okla. 293, 231 P. 844; 19 Am. Jur. 650.

Reversed, with directions to enter judgment for the defendants.

RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.

------------

On Rehearing.

ARNOLD, J. (concurring specially). In view of the argument made on rehearing I think it should be pointed out that as between Mrs. Friend and Elsey the Elsey lease is valid though it has been finally adjudged inferior to the Shaw lease. Both leases executed by Mrs. Friend contemplated and guaranteed immediate right to drill. This right cannot be exercised by Elsey during the life of his lease so long as Shaw's superior right exists. Elsey also had the right to postpone drilling and thereby preserve the right to drill, by paying delay rentals. If he could not drill as contemplated by reason of the superior right of Shaw created by Mrs. Friend, then she would be estopped to cancel for failure to pay rentals provided for the postponement and preservation of that which did not exist in the face of the superior right of Shaw.

Obviously, therefore, the fact that Elsey procured an invalid acknowledgment would make no difference. Elsey

did Friend no injury. He owed no duty to Mrs. Friend to put Shaw in an inferior position contrary to that intended and guaranteed to him by her.