Arlie JONES and Clyde W. Craig, Plaintiffs in Error,

v.

Ivan H. MOORE, F. B. Bailey, Charles L. Walters, Erick A. Anderson, Charles C. Albright, Frank Laughley, William Dotseth, Orville Walter, Karl M. Keyes, Jess Huslander, Charles A. Himes, Clyde Wishard, Albert Bubols, Ray J. Baker and Harold Baker, Defendants in Error.

No. 38221.

Supreme Court of Oklahoma.

Feb. 24, 1959.

Rehearing Denied April 14, 1959.

Application for Leave to File Second Petition for Rehearing Denied May 12, 1959.

W. M. Haulsee, Horsley, Epton & Culp, Wewoka, for plaintiffs in error, Jones and Craig.

Collins & Moore, by Joe A. Moore, Sapulpa, for defendants in error.

IRWIN, Justice.

Plaintiffs in error, hereinafter referred to as plaintiffs, or by name, appeal from a judgment of the District Court of Okmulgee County, Oklahoma, in two cases which were consolidated. Defendants in error, who were defendants in the trial court, are Ivan H. Moore and his assignees of an oil and gas lease.

On December 3, 1956, in cause No. 27664, Clyde W. Craig, as plaintiff, instituted an action to quiet title against an oil and gas mining lease in favor of the defendants wherein it was alleged that the defendants failed to complete a producing or commercial oil or gas well on the leased premises within the primary term. The lease, executed on September 7, 1955, was for a term of one year and contained a provision requiring the commencement of a well within ninety days. The commencement was extended thirty days by reason of an extension agreement executed by Craig.

The defendant Moore answered alleging that he is an interest holder in and designated as operator of a valid and subsisting oil and gas lease covering the property; That plaintiff had commenced another action in this court alleging said lease was null and void, and praying for an injunction; and after hearing on October 12, 1956, this court adjudged said lease to be in full force and effect and denied the injunction. That subsequent thereto, defendant had diligently proceeded with the development of said lease, but in violation of the court's ruling, plaintiff leased said property to a third person for oil and gas purposes which constitutes a slander to the title of defendant. The remaining defendants, holders of interests in the lease by assignments adopted the answers and amendments of Moore, and will be referred to as associates.

This cause was consolidated with cause No. 27722, which was an action to foreclose a materialman's lien against the same property and all defendants in cause No. 27664 were made party defendants as well as Arlie Jones, who had secured an oil and gas mining lease from Craig on November 27, 1956, covering the same property. Within proper time Jones filed an answer and cross petition alleging that the lease to his co-defendants had expired and been abandoned and that his lease was valid and subsisting lease and praying that his leasehold estate be quieted. The claim of the lien claimant was paid and his cause of action dismissed, leaving the action pending between Jones on his cross petition and the co-defendants, Moore and his associates.

At the trial of the consolidated causes it was stipulated that Moore and associates went upon the lease in December of 1955, and first washed down an old hole but were unable to make a producer. That in the early part of January 1956, and within the time for the commencement of a well No. 1–A was commenced and drilled to the Deutcher Sand; that it was considered a non-producing well and the machine moved off the location and lease. That a shut in nipple was welded on the top of the surface pipe at that time.

Moore testified that on September 6, 1956, he staked a location for well No. 2, and had a slush pit dug preparatory to drilling, and had ordered a machine out of Kansas to drill the well. That the machine was on its way to the location, but had to be stopped as he was served with a temporary injunction on September 12, 1956, in an action filed by the lessor, Clyde W. Craig. The petiton for injunction was heard on October 12, 1956, and denied. Attorneys for Clyde W. Craig gave notice of appeal; but instead of perfecting an appeal, the attorneys, without notice filed a dismissal of the action.

The evidence reveals Moore made a deal for a string of pipe in October, but found it to be unfit and later made a deal with a man in Kansas for another string of pipe and he purchased a nipple and casing shoe for use on well No. 2. On December 2, 1956, a machine was moved on location and on that date, and the following day a hole was drilled to a depth of 30 feet and on December 3, 1956, Craig filed the quiet title

action and no further work has been done on well No. 2.

It was also stipulated that on January 4, 1957, Moore and associates went on the lease to clean out and properly plug well No. 1–A. That after they cleaned out to the bottom free oil was found in the hole and after fracturing and running pipe they started pumping oil and approximately three thousand barrels of oil had been pumped and sold, the proceeds being impounded.

The plaintiff in error contends that well No. 2 was not commenced in good faith, that the staking of the location and digging the slush pit were done in an attempt to force another extension of time and that the original intention, if in good faith, was not followed up with such reasonable diligence as would warrant extending the time in which to complete the well.

The cause was tried to the court and after consideration of the evidence and the law applicable thereto, the court submitted and filed his findings of fact and conclusions of law, the pertinent portions of which are as follows:

(7) That Ivan H. Moore went upon said leasehold on September 6, 1956, and selected location for well No. 2; dug disposal pits; and contracted for drilling machine to drill said proposed well.

(12) That during the latter part of October, 1956, defendants Ivan H. Moore and associates resumed the operation for drilling well No. 2, purchasing pipe and other equipment commenced drilling and set surface pipe on December 2, 1956.

The court concluded that Moore and associates were proceeding with diligence to develop the lease-hold prior to the filing of cause No. 27664 on December 3, 1956, and that said lease was valid and subsisting, and entered judgment in favor of Moore and associates against Craig and Jones.

The decisive questions then presented are: Was well No. 2 commenced in good faith within the primary term and if so,

did Moore and associates continue drilling operations with reasonable diligence? If both are answered in the affirmative the trial court's judgment must be affirmed.

In an action of equitable cognizance this court is not bound by the findings of the fact of the trial court, but may review and weigh all of the evidence; and when the judgment of the trial court is not clearly against the weight of the evidence the same will be sustained. Norton v. Moore, Okl., 261 P.2d 196; Miles v. Sparks, Okl., 262 P.2d 430; Billingslea v. Booker, Okl., 263 P.2d 176; In re Fletcher's Estate, Okl., 269 P.2d 349.

The lease in question contains the following paragraph:

"If the lessee shall commence to drill a well within the term of this lease or any extension thereof, the lessee shall have the right to drill such well to completion with reasonable diligence * * *."

That Moore and associates had the right under the above paragraph to commence well No. 2, even on the last day of the term is not open to discussion. If well No. 2 was commenced in good faith on September 6, 1956, then Moore and associates were entitled to complete such well provided they used reasonable diligence in the drilling thereof.

Moore testified and was corroborated by Charley Day, that he had contracted with Day to move a machine to the location and drill the well, but was enjoined from proceeding with the operations on September 12, 1956. We sustain the trial court and find sufficient evidence that Moore and associates commenced, and were proceeding with reasonable diligence the drilling operations until enjoined in September 12, 1956.

Moore and associates cannot be charged with the time between the injunction on September 12, 1956, until the disposal thereof on October 16, 1956. We have heretofore held that during the time a lessee is prevented by court action from continuing his operations in the drilling of

the well, that time cannot be counted against him. Elsey v. Wagner, 199 Okl. 449, 183 P.2d 829; Hudspeth v. Schmelzer, 182 Okl. 416, 77 P.2d 1123 and Gibson & Jennings, Inc. v. Amos Drilling Co., 196 Okl. 143, 162 P.2d 1002.

■■ Having determined that the well was commenced in good faith within the primary term it only remains to determine if the work was continued with reasonable diligence. The plaintiff in error takes the position that forty seven days elapsed between the dismissal of the injunction action and the time the machine was moved on the location and is sufficient to defeat the claim of Moore and associates that they had proceeded with reasonable diligence.

While it is true forty seven days did elapse after the dismissal before actual operations on well No. 2 were resumed, we are not unmindful of the fact that Moore and associates were compelled to "start from scratch" in resuming negotiations for the drilling of the well. A new machine and tools had to be found that could do the work and the time in which to start looking for a machine could not begin until Moore had notice that the injunction action had been dismissed. The record is silent as to the notice Moore had, but it is presumed that he acted as quickly as possible after receiving such notice. He testified that he was in Okmulgee County looking for a machine on November 4, 1956, and that he did make a deal with C. C. Rowden to move on the location and drill the well. Rowden did move his machine on the location on December 2, and spudded to a depth of thirty feet before this action was instituted.

From September 6, 1956, the evidence shows that plaintiff was making no effort to cooperate with Moore and associates. The filing of the injunction action and dismissal thereof; and the execution of the oil and gas lease to Jones; the filing of this action after defendants had moved a machine on to the location formerly staked for well No. 2, and the spudding of the well to a depth of thirty feet, indicate that plaintiff was directing his efforts to getting rid of the Moore lease rather than co-operating with them.

We are therefore in agreement with the trial court on finding No. 12, and with his conclusion that the defendant Moore and associates were proceeding with diligence to develop the leasehold prior to the institution of this action. We therefore hold that the judgment of the trial court is not against the clear weight of the evidence and the judgment is therefore in all things affirmed.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, JACKSON and BERRY, JJ., concur.