**Adolph C. BURGER and David Taylor, Appellants,**

v.

**Jimy Brady WOOD, Individually and as executrix for Mamie A. Grady Estate, Glena Wood Yates, and Linda Kay Dixon, formerly Wood, Appellees.**

**No. 51167.**

Court of Appeals of Oklahoma, Division No. 2.

Jan. 24, 1978.

Released for Publication by Order of Court of Appeals Feb. 16, 1978.

Fischl, Culp, McMillin & Kern, Ardmore, for appellants.

J. I. Goins, Goins & Smith, Ardmore, for appellees.

BACON, Judge.

Will the unlawful interference by a surface owner which prohibits oil and gas lessees from entering the premises to commence drilling operations extend the primary term of an oil and gas lease? The trial court, in sustaining a demurrer to appellants' petition, held the lease terminated. We find this was error.

The facts of this case are short and simple. Appellants held a valid oil and gas lease upon certain lands located in Carter County, Oklahoma. The primary term of the lease was to expire on November 20, 1976, unless drilling operations were commenced. The lease provided in part:

> "Drilling operations or mining operations shall be deemed to be commenced when the first material is placed on the leased premises or when the first work, other than surveying or staking the location, is done thereon which is necessary for such operations."

On or about November 18, 1976, appellants attempted to move certain equipment onto the leased property to rework a previous drilling site. The surface owner, who

was not a lessor or mineral owner, barred appellants from proceeding onto the premises by threatening bodily harm to any person so proceeding. Appellants immediately filed suit to enjoin the surface owner from interfering with appellants' attempt to enter the leased premises. The surface owner was so enjoined but a contempt action against the surface owner was further necessitated. In the meantime the primary term of the lease had passed. The lessors of the oil and gas lease took the position the lease had expired by appellants' failure to commence drilling operations by November 20, 1976.

Appellants then filed the present suit for a declaratory judgment asking the trial court to declare the oil and gas lease to be in force and effect. Appellees demurred to appellants' third amended petition. The demurrer in effect stated the lease had expired because of appellants' failure to commence drilling operations within the primary term through no fault of the lessors. The trial court sustained the demurrer and appellants are now challenging the propriety of that ruling.

The parties hereto go to considerable lengths in their briefs to establish what constitutes "commencement of drilling operations" and the sufficiency of appellants' petition relating to this issue. In arguing in support of their petition, appellants point to this allegation: "[T]he plaintiffs [appellants] transported heavy equipment to the premises and placed said equipment on said premises." Appellants argue such an allegation is sufficient to show commencement of operations and thus adequate to withstand a demurrer. Appellees urge appellants never got inside the gate to the premises and that a mere allegation that the equipment was only taken to the gate did not amount to "commencement of drilling operations."

Appellants also argue the facts as pleaded show appellants are entitled to relief for appellees' "breach of the implied covenant in the lease to place the lessees in actual peaceful possession of the premises." Appellees do not counter this argument but instead argue the illegal acts of the surface owner cannot be imputed to appellees. And, urge appellees, since there are no allegations in the petition that *appellees* prevented appellants from entering the premises, the lease terminated.

As we view this case, we think the decision hinges on whether the acts of the surface owner would extend the primary term of the lease. Appellees take the position that drilling operations had either commenced or had not commenced by November 20, 1976, and since they had not, the lease ended. The natural extrapolation of this reasoning would be to say that under no circumstances can a primary term be extended by acts or conduct.

■ We think the deciding issue in this case is not as argued; that is, whether drilling operations had commenced, but whether appellants pleaded facts sufficient to *excuse* commencement of drilling operations. Assuming arguendo, the acts done by appellants did not amount to a "commencement of drilling operations," the fact remains, and the cases so hold, that under certain circumstances the primary term can be extended because of certain acts or conduct of a lessor. *Durkee v. Hazan*, Okl., 452 P.2d 803 (1969); *Jones v. Moore*, Okl., 338 P.2d 872 (1959); *Elsey v. Wagner*, 199 Okl. 449, 183 P.2d 829 (1947); *Gibson & Jennings v. Amos Drilling Co.*, 196 Okl. 143, 162 P.2d 1002 (1945); *Hudspeth v. Schmelzer*, 182 Okl. 416, 77 P.2d 1123 (1938); *Chapman v. Bowers*, 180 Okl. 49, 67 P.2d 788 (1937); *Simons v. McDaniel*, 154 Okl. 168, 7 P.2d 419 (1932).

■ However, the question in the present case presents a somewhat different problem for it is not the conduct of the lessors which is in issue, but that of the surface owner who owns no mineral interest in the property. We find no cases nor have any been brought to our attention presenting such a set of facts. All the above-cited cases dealing with the area of extending the primary term because of certain acts or conduct involve the lessor, and turn upon the good faith of the lessee in attempting to commence or complete drill-

ing operations. Also, the cases clearly point out that equity abhors forfeiture. Moreover, it is the law in Oklahoma that an oil and gas lessee has the right of ingress and egress to occupy the surface of the leased premises to the extent necessary to drill and develop the leased property. *Davon Drilling Co. v. Ginder*, Okl., 467 P.2d 470 (1970).

In the present case, whether appellants could have commenced drilling operations by November 20, 1976, but for the acts of the surface owner is somewhat academic. Appellants were prevented from even entering the premises to attempt commencement of drilling operations. Short of breaching the peace, there is absolutely nothing appellants could have done to commence drilling operations except to legally prevent the surface owner's interference. This is exactly what appellants did when they went immediately into court to enjoin the interference. We know of no law that says the lessees should have anticipated the interference and acted in time to have it litigated prior to the expiration of the primary term. Nor do we know of any law that says the lessees cannot wait until the last day of the primary term to commence drilling operations provided the lessees indeed commence drilling operations as defined by the cases.

Again, here we think the question is not whether the petition pleaded facts showing appellants "commenced drilling operations," but whether the petition pleaded facts sufficient to extend the primary term of the oil and gas lease. It must be remembered we are reviewing the sustention of a demurrer to a petition. Here appellants pleaded they attempted to enter the premises to commence drilling operations prior to the expiration of the primary term but were wrongfully prohibited from doing so by the surface owner. Further, appellants sought injunctive relief but the date to commence drilling operations passed during the litigation. We hold under these circumstances appellants were acting in good faith, pursuing their only available remedy, and should not be penalized by forfeiture for doing so. Whether or not the acts and conduct of appellants were or could have been timely or sufficient had the surface owner left appellants alone might be a matter to raise in defense of the present suit, but not on a demurrer to the petition.

The case is reversed and remanded to the trial court with directions to overrule appellees' demurrer to appellants' third amended petition and proceed according to the views expressed herein.

NEPTUNE, P. J., and BRIGHTMIRE, J., concur.