**In re J. H. LAND & CATTLE COMPANY, INC., Debtor.**

**Bankruptcy No. 80–02258.**

United States Bankruptcy Court, W. D. Oklahoma.

Jan. 26, 1981.

Ray K. Babb, Jr., Oklahoma City, Okl., for debtor.

Timothy E. McKee, Wichita, Kan., G. Blaine Schwabe, III, Oklahoma City, Okl., for John Masek.

## MEMORANDUM OPINION AND ORDER

DAVID KLINE, Bankruptcy Judge.

On January 12, 1981, after required notice, a full evidential hearing was held on the application of J. H. Land & Cattle Company, Inc., debtor in possession, (the "Debtor") to reject eleven Kansas oil and gas leases in which the Debtor's estate is lessor. The oil and gas leases are in favor of Mr. John Masek, d/b/a Masek Oil Company, ("Mr. Masek") as lessee. The matter was taken under advisement and letter briefs were invited.

## ISSUES

1) Are oil and gas leases executory contracts or unexpired leases within Code § 365.

2) If an oil and gas lease is rejectable under § 365, is such lease "an unexpired lease of real property" under § 365(h)(1) so as to grant the lessee the option of remaining in possession.

## FACTS

1) In October, 1979, and in May, 1980, cases were commenced against the Debtor in the District Court of Elk County, Kansas (the "Kansas Court").

2) On July 18, 1980, and on August 29, 1980, the Kansas Court appointed receivers in each of such cases (Mr. Rogers and Mr. Perkins, respectively), and in July and August, 1980, orders were entered by the Kansas Court specifically authorizing each receiver to enter into oil and gas leases. These orders of the Kansas Court became final and non-appealable prior to the Debtor's filing of this chapter 11 case on November 4, 1980.

3) In October, 1980, Mr. Masek entered into five oil and gas leases with one of the receivers (Mr. Rogers) covering approximately 760 acres. Mr. Masek paid $9,975.00 to such receiver as lease bonus, and also paid $2,078.13 to a lease broker as commission to obtain the leases.

4) In September, 1980, Mr. Masek entered into six oil and gas leases with the other receiver (Mr. Perkins) covering approximately 1250 acres. Mr. Masek paid $15,360.00 to such receiver as lease bonus, and also paid $3,200.00 to a lease broker as commission for such leases.

5) This chapter 11 case was filed November 4, 1980 and the debtor, through its president, Charles Jackson, seeks to reject all Masek leases to enable the debtor to enter into new oil and gas leases with American Drilling, Inc., which the debtor deems financially advantageous.

6) The existing oil and gas leases with Masek and the proposal by American Drilling compare as follows:

|  | Masek | American Drilling |
|---|---|---|
| Bonus: | $25,335.00 — paid in full to receivers (not including commissions of $5,278.13 paid to lease broker) | $4,000/mo. — payable monthly for up to 6 mos. |
| Royalty: | 1/8 | 3/16 |
| Drilling Obligation: | 6 wells on or before August 19, 1981; additional wells as commercially feasible. | 3 wells "immediately"; 22 additional wells as commercially feasible. |

7) Masek has expended time, effort and expense in preparing to develop the properties leased, although there has been no activity physically on any of the properties insofar as drilling a well, or wells, is concerned.

8) The financial capabilities of both Masek and American Drilling are sufficient to sustain the promised development.

## LAW

### Statutory

1) ". . . the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

2) "If the trustee (debtor) rejects an unexpired lease of real property of the debtor under which the debtor is the lessor, the lessee . . . may treat the lease as terminated . . . or . . . may remain in possession for the balance of the term of such lease and any renewal or extension of such term that is enforceable by such lessee under applicable nonbankruptcy law." 11 U.S.C. § 365(h)(1).

3) A contract or lease rejection, not previously assumed, gives rise to a non-administrative claim for damages against the estate as though the breach had occurred before the petition's filing. 11 U.S.C. § 502(g).

### Decisional

4) The test for court approval of a debtor's (trustee's) proposed rejection of an executory contract or lease under § 365 is one of "business judgment". Compare *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific Railroad Co.,* 318 U.S. 523, 550, 63 S.Ct. 727, 742, 87 L.Ed.

959 (1943); *Matter of Tilco, Inc.*, 408 F.Supp. 389 (D.C.Kan.1976), *rev'd*, 558 F.2d 1369 (CA 10 1977).

5) Under Kansas law "an oil and gas lease does not create any present vested estate in the nature of title to the land which it covers or to the oil and gas in place. It merely conveys a license to enter upon the land and explore for such minerals and if they are discovered to produce and sever them. *Ingram v. Ingram*, 214 Kan. 415, 521 P.2d 254, 257 (1974). Distinguish outright mineral ownership as conveyed by deed. *Magnuson v. Colorado Oil & Gas Corp.*, 183 Kan. 568, 331 P.2d 577 (1958).

6) In Kansas "an oil and gas lease leasehold interest is personal property—an incorporeal hereditament—a profit *a prendre*." *Ingram v. Ingram*, supra, 521 P.2d at 257. Accord *Connell v. Kanwa Oil, Inc.*, 161 Kan. 649, 170 P.2d 631 (1946) and cases cited therein. Also read *Burden v. Gypsy Oil Co.*, 141 Kan. 147, 40 P.2d 463 (1935); *Wilson v. Holm*, 164 Kan. 229, 188 P.2d 899 (1948).

7) Rights created by oil and gas leases covering Kansas land "constitute intangible personal property except *when that classification is changed for a specific purpose by statute*" such as where a mortgage or assignment of an oil and gas leasehold interest is recorded for security purposes or other liens are concerned. *Ingram v. Ingram*, supra, 521 P.2d pp. 257, 260 (emphasis present).

## CONCLUSION

An oil and gas lease is within the purview of Code § 365 and may be rejected by a debtor (trustee) with court approval. As a matter of "business judgment" the leases available to the debtor herein from American Drilling are preferable to the existing Masek ones. For court approval the Code may well only require the court to find that the debtor's (trustee's) business judgment as exercised is not clearly erroneous or faulty. However, if the pre-Code rule still prevails which seems to require the court as distinguished from the debtor or trustee to apply the "business judgment" test [read *Matter of Tilco*, supra, 558 F.2d at 1373. Cf. *King v. Baer*, 482 F.2d 552, 557 (CA 10 1973) *cert. den.* 414 U.S. 1068, 94 S.Ct. 577, 38 L.Ed.2d 473 (1973)], the court herein is satisfied that the Masek leases should be rejected. Moreover, inasmuch as under Kansas law an oil and gas lease creates a "license to enter", an "intangible personal property" right, lessee Masek has no assertable right of possession set forth dealing with a rejection of "an unexpired lease of real property" under Code § 365(h)(1).

## ORDER

Accordingly, the debtor's application to reject the eleven Kansas oil and gas leases in which the debtor is lessor and Mr. John Masek, d/b/a Masek Oil Company, is lessee, as specifically set forth in debtor's application is hereby APPROVED. It is

FURTHER ORDERED that Masek, pursuant to Bankruptcy Rule 11–33(b)(2)(B), is to file his claim for damages within twenty (20) days, from date.