In re HESTON OIL COMPANY, Debtor.

No. 85–C–929–B.

United States District Court, N.D. Oklahoma.

Oct. 9, 1986.

Chris Economou, Herrold, Gregg & Herrold, Inc., Tulsa, Okl., for creditor-appellant, Genave Rogers Palmer.

Thomas M. Atkinson, Tulsa, Okl., for Heston Oil Co.

Richard E. Comfort, Tulsa, Okl., for Larry W. Sandel.

### ORDER

BRETT, District Judge.

Creditor-Appellant Genave Rogers Palmer (Rogers) brought this appeal from an order of the Bankruptcy Court for the Northern District of Oklahoma declaring that an oil and gas lease is not an executory contract or unexpired lease subject to the provisions of 11 U.S.C. § 365(d)(2).

Rogers is the owner of all the oil, gas, and mineral rights lying under a section of Seminole County, Oklahoma. On July 8, 1977, Rogers executed an oil and gas lease covering her oil and gas interests in the above land, which lease was subsequently acquired in equal shares by Heston Oil Co. and Marsh Oil & Gas Co.

On February 14, 1983, Debtor Heston Oil filed its Petition for Bankruptcy under Chapter 11 of the Bankruptcy Code. Since that time Heston has neither assumed nor rejected its oil and gas lease. Marsh Oil & Gas released its interest in the lease on April 26, 1985.

Rogers filed a motion urging the Bankruptcy Court to fix a time to assume or reject lease pursuant to 11 U.S.C. § 365.

Following a hearing on the motion the Bankruptcy Court ruled that an oil and gas lease is not an executory contract or unexpired lease within the scope of § 365. Rogers now seeks reversal of that ruling.

On appeal this court must address two issues: (1) whether the Bankruptcy Court's order is final and appealable, and (2) whether the Bankruptcy Court's finding that oil and gas leases are not unexpired leases or executory contracts under 11 U.S.C. § 365 was erroneous.

█ Heston contends that the Bankruptcy Order in this case was discretionary in nature and is not final and appealable under 28 U.S.C. § 158. No legal authority is cited in support of this position. The Bankruptcy Court's decision on Rogers' motion, however, was not a matter of discretion. 11 U.S.C. § 365 provides:

(2) In a case under chapter 9, 11, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of the debtor at any time before the confirmation of a plan, but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

The bankruptcy judge decided as a matter of law that oil and gas leases do not fall within the purview of § 365. Therefore, the court did not exercise its discretion with regard to whether the Heston trustee should be required to determine within a specific time period whether to assume or

reject the Rogers-Heston oil and gas lease. The court finds that the order entered in this case is appealable.

■ The terms "unexpired lease" and "executory contract" are not defined by either the Bankruptcy Code or State law. The Oklahoma Supreme Court in several cases has considered the characteristics of an oil and gas lease and has found that use of the term "lease" is more in "deference to custom" than a description of the legal relationship involved. *Hinds v. Phillips Petroleum Company*, 591 P.2d 697 (Okla. 1979).

The interests arising from an oil and gas lease are more akin to a *profit `a prendre* and are generally considered as estates in real property having the nature of a fee. *Shields v. Moffitt*, 683 P.2d 530, 532–533 (Okla.1984).

> The interest represented is one in land, although the lease itself does not operate as a conveyance of any oil or gas *in situ* but constitutes merely a right to search for and reduce to possession such of these substances as may be found. Rather than a true lease, it is really a grant *in praesenti* of oil and gas to be captured in the lands described during the term demised and for so long thereafter as these substances may be produced.

683 P.2d at 532.

Rogers has no persuasive authority that oil and gas leases are contemplated by § 365. The only case cited by appellant holding such instruments subject to § 365 is *J.H. Land & Cattle Co.*, 8 B.R. 237 (W.D.Okl.1981). There Judge Kline of the Western District of Oklahoma held that under Kansas law an oil and gas lease is within the reach of § 365, and may be rejected by a debtor with court approval. *Id.* at 239. This court finds the reasoning in *J.H. Land & Cattle Co.* to be questionable, and in any event contrary to the position taken by the Oklahoma Supreme Court.

The Tenth Circuit has defined an executory contract as one where "neither party [has] completely performed and the obligations of each [remain complex]." *Workman v. Harrison*, 282 F.2d 693, 699 (10th Cir.1960). Breach of contractual obligations by one party would excuse performance by the other party. Cf. Jones, *Rejections of Unexpired Oil and Gas Leases in Bankruptcy Proceedings: In Re J.H. Land & Cattle Co.*, 19 Tulsa L.J. 68 (1983).

This court agrees with the Bankruptcy Court's ruling that the nature of this oil and gas lease is not that of an executory contract. Rogers' only obligations under the contract is to defend her title to the leased land and not to interfere with the lessees' drilling operation. Breach of these duties would not excuse performance by Heston, but would merely abate Heston's obligation for so long as Rogers was in breach. *See, Jones v. Moore*, 338 P.2d 872 (Okla.1959); *Chapman v. Bowers*, 180 Okl. 49, 67 P.2d 788 (1937).

Based upon the above the court finds that the oil and gas lease was not an unexpired lease or executory contract under 11 U.S.C. § 365.

It is therefore Ordered that the decision of the Bankruptcy Court be and is hereby affirmed.