**In re CLARK RESOURCES, INC., Debtor.**

Bankruptcy No. 86–00463.

United States Bankruptcy Court, N.D. Oklahoma.

Dec. 24, 1986.

Gary H. Baker and Neal Tomlins of Baker, Hoster, McSpadden, Clary & Rasure Tulsa, Okl., for Julius F. and Sarah A. Wall.

Douglas Eason of Fuller, Tubb & Pomeroy, Oklahoma City, Okl., David H. Loeffler, Jr. of Loeffler & Allen, Tulsa, Okl., for debtor.

John R. Barker and Robert S. Glass of Gable & Gotwals, Inc., Tulsa, Okl., for Interfirst Bank Dallas, N.A., for itself and as Agent for Utica Natl. Bank & Trust Co., The Federal Deposit Ins. Corp., Receiver for Bank of Commerce & Trust Co. and Commercial Bank & Trust Co.

**ORDER DENYING MOTION TO REJECT LEASE BY JULIUS AND SARAH WALL**

MICKEY D. WILSON, Bankruptcy Judge.

This matter comes on for hearing on the Motion of Julius F. and Sarah A. Wall (Walls) for an order determining that a certain oil and gas lease by and between the Walls, as lessor, and Clark Resources, Inc., as lessee, has been rejected pursuant to 11 U.S.C. section 365. Alternatively, the Walls would move that this Court set a time for the Debtor, Clark Resources, Inc., to assume or reject the lease.

This Court must address two issues; (1) whether the oil and gas lease is an unexpired lease subject to the provisions of 11 U.S.C. section 365, and (2) whether the oil and gas lease is an executory contract subject to 11 U.S.C. § 365.

The terms "unexpired lease" and "executory contract" are not defined by either the Bankruptcy Code or state law. The Oklahoma Supreme Court has, however, considered the characteristics of an oil and gas lease and has found that use of the term "lease" is more in "deference to custom" than a description of the legal relationship involved. *Hinds v. Phillips Petroleum Company,* 591 P.2d 697 (Okla.1979).

■ An oil and gas lease does not give rise to an estate in land; instead it creates an interest or estate in realty which is not per se real estate. *DeMik v. Cargill,* 485 P.2d 229 (Okla.1971). The interest created in favor of the Debtor under the Wall Lease is merely a license to explore, not an interest in real property. *Mitchell v. Probst,* 52 Okl. 10, 152 P. 597, 599 (1915). As such the Wall Lease is not within the scope of section 365 generally, or more particularly section 365(d)(4). Although the term unexpired lease of nonresidential real property is nowhere defined in the Bankruptcy Code, the Legislative History of section 365(d)(4) is persuasive in limiting

the scope of that bankruptcy code section. The statements of Senator Hatch included in the Legislative History evidence Congressional intent that section 365(d)(4) be applied to traditional leases of shopping centers and leases of other "nonresidential structures". The substantive amendments to section 365 incorporated in the Bankruptcy Amendment and Federal Judgeship Act of 1984 were "intended to remedy serious problems caused shopping centers and their solvent tenants by the administration of the bankruptcy case." 130 Cong.Rec. 58891 et seq. (daily ed. June 29, 1984). (Statement Sen. Hatch). Reprinted in 1984 U.S.Code Cong. & Adm.News 590, 598.

The District Court in an unpublished opinion, *In Re: Heston Oil Company,* 69 B.R. 34 (N.D.Okla.1986) supports the position of Clark Resources, Inc., holding that an Oklahoma oil and gas agreement grants a profit á prendre rather than a leasehold estate, and thus the unexpired lease portion of 11 U.S.C. section 365 does not apply to the Oklahoma oil and gas lease which is the subject of this motion. See, *Heston,* at 36.

The only Oklahoma case which has been pointed out as holding that an oil and gas lease is within the reach of section 365, and thus may be rejected by a debtor is *J.H. Land & Cattle Co.,* 8 B.R. 237 (W.D.Okla. 1981). In that case, Judge Kline, of the Western District of Oklahoma Bankruptcy Court, employed reasoning which the District Court for the Northern District of Oklahoma has found to be questionable and contrary to the position taken by the Oklahoma Supreme Court. See, *Heston* at 36.

The Court must rely upon Oklahoma state law and other persuasive or controlling judicial authority in making its determination that the Wall Lease falls within or outside the scope and meaning of section 365. *In re N.S. Garrott & Sons,* 772 F.2d 462 (8th Cir.1985); *Butner v. U.S.,* 4 B.C.D. 1259 (1979). Oklahoma state law is clear as to the nature of the interest created by a traditional oil and gas lease, including the Wall Lease. The interest created by an oil and gas lease in Oklahoma "is a hybrid estate deriving legal characteristics from both real and personal property, yet it is actually neither." *Continental Supply Co. v. Marshall,* 152 F.2d 300, 305 (10th Cir.1945). *Shields v. Moffitt,* 683 P.2d 530 (Okla.1984). The interest created by an oil and gas lease in Oklahoma is not "real estate" and conveys no interest in land itself, it is a chattel real, an incorporeal heriditament and a profit á prendre which is in the nature of a license to explore by drilling and permits the lessee to capture oil and gas which is then treated as personalty. *Continental, supra.* at 305; *Meeker v. Ambassador Oil Co.,* 308 F.2d 875 (10th Cir.1962).

In compliance with the Oklahoma Supreme Court and the District Court for the Northern District of Oklahoma, this Court must hold that the Wall's oil and gas lease is not an unexpired lease of nonresidential real property which would be subject to section 365.

■ Neither does the Wall's oil and gas lease come under the auspices of an executory contract. An executory contract exists only where "neither party [has] completely performed and the obligations of each [remain complex]." *Heston* at 36, quoting *Workman v. Harrison,* 282 F.2d 693, 399 (10th Cir.1960). Even more specifically, an executory contract in the bankruptcy context is "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." V. Countryman, "Executory Contracts in Bankruptcy; Part I," 57 Minn.L.Rev. 439, 460 (1973).

Where a party's only remaining obligation is the payment of money, as is the case here for Clark Resources, the contract is not executory. *In the Matter of Smith Jones, Inc.,* 26 B.R. 289 (Bkrtcy D.Minn. 1982). Just as the lessee is not saddled with complex obligations to perform, the only obligations under the contract as to the Walls is to defend their title to the

**360**

lease land and not to interfere with the lessee's drilling operation. Breach of these duties by the lessor or by the lessee would not excuse performance by the party not in breach, but would merely abate the obligation of the non-breaching party for as long as the breaching party was in breach. *See Jones v. Moore,* 338 P.2d 872 (Okla. 1959); *Chapman v. Bowers* 180 Okla. 49, 67 P.2d 788 (1937); and *Heston* at 36.

Oklahoma law clearly rejects the contention that an oil and gas lease, such as the one which exists between the Walls and Clark Resources, Inc., should come within the reach of section 365. Law cited from other states does not override Oklahoma law which is on point. Instead, this Court follows the ruling of the District Court for the Northern District of Oklahoma in *Heston* which affirmed this Court's order of September 27, 1985, in *In Re: Heston Oil Company,* Case No. 83–00173.

Based upon the above this Court finds that the oil and gas lease entered into by the Walls and Clark Resources is not an unexpired lease or executory contract under 11 U.S.C. section 365.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion of Julius F. and Sarah A. Wall for an Order Determining Rejection of Lease, is hereby denied.